[Civ. No. 6221. Second Appellate District, Division One.—July 3, 1929.]

E. D. BURGE, Respondent, v. MIDWAY PACIFIC OIL CO. (a Corporation), Appellant.

Hyams & Himrod for Appellant.

Charles D. Swanner for Respondent.

CONREY, P. J.—The defendant corporation is, and at all times referred to in this action was, engaged in business as the owner and operator of oil properties. In April, 1910, the plaintiff then claiming to be the owner of a placer mining claim (oil property) in Kern County, entered into an

agreement for the sale of the claim to one Atwood, who thereafter assigned to defendant corporation all of his rights under said agreement. Thereafter, on July 18, 1911, pursuant to an agreement between plaintiff and defendant, the defendant corporation issued to the plaintiff twenty thousand shares of its capital stock, in consideration of the extension by plaintiff of the time for payment of moneys which had then become due under the Atwood agreement. In further consideration of the issuance of said stock, the obligation for the unpaid balance was placed in the form of a mortgage upon said oil lands, to become due at a date several years later. On January 18, 1913, an additional twenty thousand shares of capital stock of defendant corporation was issued, in consideration of a further extension of the due date upon said mortgage.

The answer of the defendant rests upon its claim that said shares were issued without consideration, and that they were not issued for money paid, labor done or property actually received by the defendant, and that the issuance thereof was void. The record shows that in a certain action of the United States of America against Brookshire Oil Co. and others in the United States District Court for the Southern District of California, and in which both plaintiff Burge and the defendant Midway Pacific Oil Co. were defendants, a final decree was entered on the twenty-fourth day of December, 1919. It was therein decreed that neither of the defendants "had at any time, or has, or have now," any estate, right or title in or to the property described in said decree. The property so described included the property covered by the Atwood contract and by the mortgage made by defendant to plaintiff herein. In December, 1920, the board of directors of defendant passed a resolution declaring the cancellation of said shares of stock issued to plaintiff Burge, but did not take any proceedings in court to establish the cancellation thereof. In the present action judgment has been entered quieting plaintiff's title to said forty thousand shares of stock, and declaring that plaintiff is entitled to share with other stockholders in any dividend paid or to be paid and in any dividend of the capital assets of the corporation, in accordance with his ownership of said stock. From this judgment the defendant appeals.

■ The findings follow the complaint, and do not state any of the specific facts as to the consideration paid or given for the stock. The two principal findings upon this point are that the stock was issued for a valuable consideration, and that it is not true that said stock was issued without consideration, or that the same was not issued for money paid, labor done, or property actually received, by said corporation, or that the same was or is void. The sole point presented on this appeal is that the evidence does not sustain these findings. The evidence to which we have referred establishes beyond controversy that the plaintiff never had any right, title or interest in the said oil lands. The decree in favor of the government established that fact, and by its terms declared "that the pretended placer mining claim . . . be, and hereby is, canceled, set aside and declared null and void from the inception thereof."

Under the provisions of the Constitution (art. XII, sec. 11) the issuance of said stock to plaintiff was void unless so issued "for money paid, labor done, or property actually received." We are of the opinion, however, that the evidence is sufficient to sustain the findings, notwithstanding the above-mentioned failure in defendant's title to the land conveyed by him to the plaintiff. So far as appears, the deed may have conveyed to defendant only the plaintiff's right, title and interest in the land. Indeed, according to testimony of the witness Beazley, this was the fact. Plaintiff was the claimant in possession, and it is not shown that he was not making his claim in good faith. We have before us no evidence showing what fault or failure to meet legal requirements caused the claim to be lost. In the brief of appellant it is asserted that the claim was annulled on grounds of fraud, but there is no evidence in support of that assertion. By means of plaintiff's conveyance defendant obtained actual possession of the land, and thus was enabled to take from the land large quantities of oil. While thus in possession and while obtaining value from the land, defendant's obligation became, or was about to become, due. So far as appears, both parties at that time believed that the obligation was enforceable. It was under these circumstances that appellant transferred the shares of stock to plaintiff, and by that means obtained his agreement to postpone maturity of the contract, and (later) of the note and

mortgage. This agreement having been fully performed, it became on both sides an executed agreement. We think that under the foregoing facts there was some consideration for the issuance of the stock. ▮ The rule applies, as stated by the Supreme Court in *Wenban Estate, Inc.,* v. *Hewlett,* 193 Cal. 675, 704 [227 Pac. 723, 735]. ''And it is· the rule that if there is some consideration emanating from a legitimate transaction, one not tainted with fraud, and intended to redound to the benefit of the corporation, the constitutional and statutory requirements for the issue of corporate bonds, in so far as the corporation or its stockholders are concerned, are satisfied. (*McKee* v. *Title Ins. Co.,* 159 Cal. 206 [113 Pac. 140] ; *California Trona Co.* v. *Wilkinson,* 20 Cal. App. 694 [130 Pac. 190].)''

In the case of *O'Sullivan* v. *Griffith,* 153 Cal. 502 [95 Pac. 873, 96 Pac. 323), plaintiff sued to recover two thousand seven hundred dollars alleged to ⸦be due as the purchase price of all the right, title and interest of plaintiff in certain street railroad franchises. The defendant alleged in his answer that because of the fact that ''the proceedings by which the alleged franchises were granted to the original grantees were so defective in several particulars that they were wholly void and that, in consequence, the grants of the franchises were void, or, in other words, that the grantors of the defendant had no title to the franchises they attempted to convey to Griffith, that he received nothing for the transfer, and hence, that there was no consideration.'' Following a thorough consideration of the point involved, including a review of the authorities, the Supreme Court reached the conclusion that, in the absence of fraud or mistake, a simple grant whereby the grantor purports to convey only his right, title and interest is a mere deed of quitclaim and ''the grantee is not relieved from the obligation of paying the purchase price merely because the grantor had no title to the franchises.'' (Syllabus.)

The judgment is affirmed.

Houser, J., concurred.

York, J., absent.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.